# DOAR RIECK KALEY & MACK
ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
WALTER MACK

OF COUNSEL
JOHN JACOB RIECK, JR.
JOHN F. KALEY
DAVID RIVERA
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: wwwdoarlaw.com

December 3, 2020

**By ECF Filing**
The Honorable Paul A. Engelmayer
United State District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: *United States v. Faustin*
> Docket No. S7 19 CR 131 (PAE)

Dear Judge Engelmayer:

     I represent Geraldine Faustin in the above-referenced matter. I write now without objection from the Government and Pretrial Services to request a modification of Ms. Faustin's bail conditions so as to eliminate the conditions requiring home confinement with electronic monitoring and a curfew.

     Ms. Faustin was arrested on February 27, 2019 on charges contained in Indictment 19 Cr. 131. At her arraignment, bail was fixed *inter alia*, in the amount of a $50,000 personal recognizance bond to be co-signed by two financially responsible persons, home detention with electronic monitoring and a curfew (with the direction to work or find employment), surrender of travel documents, travel restricted to the SDNY and EDNY, and a direction to live with her mother in their apartment on Long Island. Ms. Faustin remained in custody until March 5, 2019 when she satisfied her bail conditions and was released. On February 21, 2020, Ms. Faustin pleaded guilty to charges contained in a superseding Information. Ms. Faustin's bail was continued. An in-person sentencing presently is scheduled for February 4, 2021.

Shortly after her arrest, Ms. Faustin was placed on administrative leave from her position as a healthcare aide at the nursing where she had been employed for approximately nine years. Not long thereafter, however, because of her arrest her position was terminated. Ms. Faustin then

Honorable Paul A. Engelmayer  2  December 3, 2020

found employment as a home healthcare aide with an agency on Long Island. She is assigned to work with the elderly in their homes. She continues to be employed full-time in that position.

We now seek to remove the home detention and electronic monitoring with a curfew component of Ms. Faustin's bail conditions for two reasons. First, Ms. Faustin no longer needs these conditions. She has been an exemplary releasee. There have been no negative incidents of any kind. She has been fully compliant. She is also in regular in contact with her attorneys and has been forthcoming with the Government, speaking to them over video conference on two separate occasions to provide them with information in the case and she has satisfied the "safety valve" criteria. Second, in the current COVID atmosphere, Ms. Faustin has had the opportunity to work additional hours at her job but often has had to turn down these opportunities because the requests to work more hours or even to stay for an overnight shift often come at the last minute and without enough time to obtain permission from Ms. Faustin's supervising pretrial services officer.

I have spoken with Pretrial Services Officer Ferguson, Ms. Faustin's supervising pretrial services officer in the Eastern District on Long Island (Ms. Faustin resides in the EDNY), who advises that Ms. Faustin has been in full compliance with her bail conditions. Because Ms. Faustin's case is in the SDNY, Officer Ferguson advised me that I needed to seek the position of Pretrial Services Officer John Moscato, in the SDNY. I have been in contact with Officer Moscato. He advised that he has no objection to the bail modification sought herein. I also have communicated with AUSA Benjamin Schrier regarding this request. AUSA Schrier has advised me that the Government has no objection to the bail modification requested.

While the home detention with electronic monitoring and curfew may have made sense at the time of Ms. Faustin's arrest, it no longer is necessary to assure Ms. Faustin's appearance in court when required or to protect the public. As noted by Pretrial Services Officers Ferguson and Moscato, Ms. Faustin has been in full compliance with all conditions of release, and for quite a considerable period of time. She has separated herself from her co-defendant Carl Andrews, who was an extraordinarily destructive force in Ms. Faustin's life and who brought her into the offense conduct. Ms. Faustin continues to resurrect her life. She works hard and is doing quite well; and she now has the opportunity to work additional hours which she would like to be able to do, not only because she would appreciate the extra earnings but also because she is a dedicated healthcare worker who cares for the people placed in her care and who need her help more so now in these difficult and stressful times with COVID again on the rise in New York.

Accordingly, without objection from either the Government or the Pretrial Services officers, we respectfully request that Ms. Faustin's bail conditions be modified to eliminate the home detention and electronic monitoring with a curfew component of her release conditions. The balance of Ms. Faustin's bail conditions would remain in effect.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

/s/

John F. Kaley
Hara Robrish

Honorable Paul A. Engelmayer	3	December 3, 2020

cc:  AUSA Benjamin Schrier
    Pretrial Services Officer Ferguson (EDNY)
    Pretrial Services Officer John Moscato
    (All via ECF filing and email)

**GRANTED.** The Clerk of Court is requested to terminate the motion at Dkt. No. 598.

12/3/2020

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge